Good morning. May it please the Court, Faye Arf on behalf of Mr. Kirk. And in reviewing the case, I don't see how the California court could get around not holding a hearing in this case. Based on the U.S. Supreme Court cases of Drope v. Missouri and Pape v. Robinson, they're right on point. Once there's a doubt as to defendant's competency to stand trial, the court has a the defendant has a due process right to a hearing. Well, connected up with our standard of review on an AEDPA case. Okay. You must be arguing that the State court decision is contrary to a Supreme Court decision of the United States. And which case would it be contrary to? Both cases, Drope v. Missouri and Pape v. Robinson, they're right on point, which says once the doubt is declared, they have to follow the procedures adequate to protect a defendant's right not to be tried or convicted while incompetent to stand trial, and that deprives them of due process. I appreciate what you're saying, but here we have a decision where the California court said not necessary under California Penal Code 1368 to do anything. Well, I think I'm just judging it. Yeah, the court. They're the ones who looked at it, and they said if the counsel informs the court or he or she believes the defendant is mentally incompetent, the court may nevertheless order a hearing. Well, in this particular situation, that's what counsel did, said the defendant is mentally competent. Well, at that point, it's a discretionary decision by the California court. And now I, after I see that, then I say, okay, what case says if the California Court of Appeal looks at its own law and its own statute and says, hey, based on our law and our statute, this is not necessary, what case then says, we're out to lunch here. We've got to order it anyway, even though California didn't, because I'm not going to judge California law, California judges are. I only have the overlord of habeas to look at. And again, that's why my colleague's question was pretty important. Looking at the California Penal Code, looking at what happened in this case, I'm not sure there's a case dead on that says they're wrong. Well, in this case, counsel has neither the court nor counsel have the authority under California law or U.S. Supreme Court law to say, I made a mistake, I want to withdraw it. Kennedy, that's exactly what 1368b says. Counsel informs the court or he or she believes the defendant is mentally competent, the court may nevertheless order a hearing. That's exactly what counsel did. Counsel first of all says, I've got a doubt, and then he comes back and says, the guy got all back on his meds. Now he's okay. And I think he withdrew his request at one point. Kagan. But there's an abundance of law that says counsel is not a psychiatrist. Yeah, but let's go through. I think I agree with you on that, but I want to go through what happened here and make sure I understand it. Okay. The judge orders at the first hearing, the first judge, that there be a competency evaluation, and then counsel comes back and says, no, he's fine now, words to that effect. And the judge talks to Mr. Kirk at that hearing, does he not? At the first hearing. First hearing. December, yes, of 05. And he says, okay, I'm fine, I don't need these reports. Perhaps that's an error under California law, but at that point, is there something that violates AEDPA? Yes, because after at once the doubt is declared that he's incompetent, there has to be a hearing on his competency, even under 1368. Well, put aside California law, because I don't care about California law. Under, I believe under K. That's harsh. I'm not interested today in California law. Okay. But my question is, tell me what K says under that set of facts, which strikes me as a little bit different than just a doubt being raised. A doubt is raised, the lawyer comes back and says, oh, he was just off his meds on the day that the doubt was raised. The judge talks to Mr. Kirk and satisfies himself that he understands the nature of the proceedings in front of him. So tell me what Supreme Court case tells me under that set of facts that the judge must nonetheless persist in the competency evaluation. Well, first, I don't think the judge ever was satisfied that Mr. Kirk was competent. Well, he does say at that point, okay, so we don't need the reports, let's call them off. That seems to me at least an implicit finding that he's no longer concerned about Mr. Kirk's competence. Okay. Well, again, I believe those cases say once the proceedings are suspended, once you have suspended the proceedings. See, you think the cases stand for the proposition, that's what I wanted to find out. What case stands for the proposition that in effect you can't call, you can't suspend the proceedings? Pate, Pate, Pate v. Robinson says that. It's a jurisdictional issue. They have to be formally reinstated. And then there's a California case. Yes, but I'm not interested in what the California procedure is. Now, let me just walk ahead. And then I have a little cite to myself on Draper at page 172. See, I thought those were cases and I'll have to go back and look at them more closely, but I thought those were cases in which the Court began the proceeding in some way and then it didn't complete it, as opposed to finding a reason not to complete it. In other words, and that's my question. I think once a bona fide doubt is raised under Draper's case. It can never be dispelled except through a competency finding, in your view. Right. Once they find the doubt, there are certain statutory procedures. Okay, but forget about the statutes again. We're talking about the Constitution. Yes. Even under Drope. Okay. So now let's go ahead to the second judge, who counsel says something like, the judge says, was there a competency issue in this case, something like that. And the counsel says, yes, I think there's a report in the file, but Mr. Kirk, I've talked to him, he understands what's going on and he wants to proceed to trial. And the judge again speaks to Mr. Kirk a little bit and says, okay, let's proceed to trial. Again, is your position that the error occurred at the first hearing or at the second hearing? The first hearing. The second hearing. Nothing happens thereafter makes a difference. Once the doubt is declared, the hearings are suspended so that the further proceedings are null. And none of the other. And the hearing was suspended here, so I'm looking for something more specific. The judge did send him off for a competency evaluation. Yes. They all came back to court on some point, I don't know what the occasion was, and defense counsel said, boy, he seems fine to me. I think he was just off his meds at the time. Mr. Kirk says the same thing, and the judge has at least some colloquy with him, not an extended one. Your position is that even that, the proceedings must remain suspended until a full-blown competency evaluation is done? Yes. And I think that it's ‑‑ I just wanted to save a little time for rebuttal, if I could. Maybe you ought to answer that, because that's very important. My colleague has taken up exactly where I was going to go if our first issue didn't go exactly, and you went exactly where I thought you would. The second was the bail hearing. Counsel said no problem, and then the court said to your client, were you in a problem situation with your meds at the time? Your client said, sir, in my opinion, that was done in error. I'm still on meds now, which they contacted my psychiatrist, and they show the date this happened. I was supposed to be on medication. Court to counsel, was it a mistake to doubt P's competency? Counsel, yes. And court says, all right, I will allow withdrawal of the 1368. I'll reinstate the criminal proceedings. If we send a letter to the doctors as soon as possible to let them know that they can go ahead and bill me, but I don't want a report. Yeah. That's you can't – in other words, you can't simplify the proceedings. I've dealt with them. Once declared, you're saying there is a Supreme Court precedent which said never can back out of the declaration. Right. The statutory procedures. Between Pate and Droke, which of those cases says that? Pate doesn't say that. No, I'm just asking counsel. I thought Pate said it was jurisdictional and they had to hold a hearing. All right. We'll take another look at Pate. We were in the middle of the competency proceedings in Pate. We didn't ever – we started the proceedings in Pate. They were already going. Yes, except that once – they have to follow the certain procedure once a bona fide doubt is declared. That's under Droke at 172. Thank you, counsel. Your time has expired. Okay. We'll hear from the State. Good morning, Your Honors, and may it please the Court. Jeff White on behalf of Respondent. The State court's determination that the evidence before the trial court was not sufficient to require a sua sponte inquiry into Petitioner's competency was neither contrary to nor an unreasonable application of the United States Supreme Court precedent, nor was it based on an unreasonable determination of the facts. What do you do with the fact that in this file there's a report from a doctor hired by the court that says he doesn't think this guy's competent? No court ever addresses that – that report. Why doesn't that report raise a substantial question as to Mr. Kirk's competence? That report was never seen. Well, I know it was never seen, but I'm not sure that's an excuse, is it? The judge – first judge orders the report. He tries to stop it, but he doesn't really know whether he stopped it or not. You get to the second judge, and defense counsel says to the second judge, oh, there's a report in the file. I think he's competent, so let's proceed. Doesn't the judge at least have the obligation to read a report that the counsel alerts him to the existence of that's in his file? There's no Supreme Court precedent requiring the court to read that report at that point. Well, so let's assume the court had read the report. On May – at the May 1st hearing? Yeah. Couldn't have read it at the first – before the first judge because it wasn't in the file yet. Right. Let's assume that the judge had read the report at the May 1st hearing. Is – under those set of facts, is he required to hold a competency hearing? It's possible that he may have after reading the report. Well, but no, I need a yes or no answer. Is it – let's assume that he read the report, that counsel said, here's the report. It's in the file, Judge. I don't know if you've read it. And then counsel said exactly the same things that he said. I've talked to Mr. Kirk. He seems competent to me. He wants to proceed to trial. The judge has whatever short discussion he has at that hearing with Mr. Kirk. Competency hearing required or not? Not. Why not? Because at that point, you've got a five-month-old report, which all parties, two weeks later, said was stale. You've got his attorney stating that he's – he's adamant about the fact that he's not declaring any doubt as to his competency. You've got knowledge at that point that at the time that that report was drafted, Mr. Kirk was in a problem situation with his medications. The court was aware of that. And you've also got the trial court's ability to observe defendant at that point in time, knowing that he's filed Marsden motions. He has some understanding of what's going on in the courtroom. So when you take all those things together, there's no Supreme Court precedent that even with that report, had it been in front of the court, which, again, the State court said there was no evidence that it was. Yeah. And I'm – see, where you lose me on this – on that argument is I think it's in front of the court. The court ordered it. It's in the file. Somebody brings it to the judge's attention. I don't – ignorance – you know, ignorance isn't a defense for defendants. It ought not be a defense for judges. So I'm trying to figure out if, given that report, whether it's enough. And so I'm not – I think the California court's finding that the report wasn't before the court may well be unreasonable, since it was in the court's file and brought to the court's attention. But even if that finding is unreasonable, I'm trying to figure out whether the conclusion of the California court's unreasonable. Does it make any difference in this particular matter, Counselor, whether the – whether the report was filed or it wasn't? I think it makes – I mean, I was on the district court many years ago – well, now seven or eight years ago – and there were times when I ordered things done and then I ordered them not done. And when they weren't filed, or when I didn't order them filed, they weren't allowed to be filed, at that point the judge and the court had no real reason to read them, because anybody and their dog can put something in the court's file in order to try to make a difference. So I'm trying to say, is there any difference that this was not filed or it was? Because something that's in the file, I think there's enough support for the idea that if it's filed, the court has notice of it whether he reads it or not. But if it's just a stray document in there that somebody throws in, the court doesn't read that. So does it make a difference? I believe that it does make a difference. Well, what case says that? I don't have a case citation, but the response position is that once counsel withdrew the motion, the report of the doctor was essentially an exhibit to that motion. Once that motion was withdrawn and the court specifically stated, I don't need these reports anymore, there's no doubt, there was no reason for the trial court to be looking for that report. Whether or not it at one point made its way into the case file, response position is. Well, so is that something that interested me? The report was an exhibit to a filed motion? Essentially, the only reason that report was ordered was based on counsel's declaration. No, no, I understand that. I understand that a judge made arrangements with a physician to or a psychologist in this case to examine Mr. Kirk. But describe for me how the document gets into the file. That's the question that Judge Smith was asking. Was it filed by defense counsel? Was it sent was a letter sent in? Was it stamped, filed and received? Tell me. The report made its way into the clerk's transcripts. There's nothing in the minute order stating that the report was received. The record is not clear on how. I've tried to find it. It's not stamped the way we would normally see a document filed this day by the clerk or something like that. Correct. I looked all over for it, too. I couldn't find out. So that was of interest to me. That's why I ask you the question. It didn't in my book ever come in from counsel. Correct. There was never affidavit or a motion filed where it was put in. The best there was is the court ordered it and the court ordered it not be, and it came anyway. Correct. I don't know whether the clerk even filed it. There's no evidence of that in the record, Your Honor. So essentially what we have here is that there was no evidence in front of the trial which would have required a further inquiry into Pellon's competence. And without that, there was no reason for the court to do any more. If there's no further questions, respond as prepared, Mr. McConnors. Thank you, counsel. Ms. Arford, you tried to reserve some time, and then we ate it up. So we'll give you a minute to respond. Just to direct the court to supplemental excerpts on page 5, the public, the appointed counsel says, one doctor whose report is in the file, whose, which I have not seen, wrote an opinion, and the other was called off somehow during the proceedings. I read that, but that doesn't say anything to me, because there are many counsels who get up and say, well, I went down and read the court's file, and there's a document in there. That doesn't mean it's filed. Okay. Well, there's a presumption under California law, evidence code 664, it is presumed that official duty has been regularly performed. But that's, the question is here whether there was any duty, because the judge said, quit, don't send me anymore, I don't need it, I'm going on. And how about when counsel, when Mr. Kirk gets up on, on, in January and says he got to see one doctor who said he was not, I got to see one doctor who said I understood what was going on, but I was not confident? Just a minute, just a minute, Counselor. I understood from your answer to my good colleague Judge Hurwitz's idea that what happens in the second hearing isn't of any relevance, and that is where that you're reading from is. Well. I understood that was your answer to him, that the first hearing, what the judge should or shouldn't have done, is the relevant stuff. Yeah, what I'm addressing Is that what you said? No, I'm addressing whether or not the No, no, I'm not. I know what you're addressing, but I'm trying to decide if I ought to, based on now your representation of counsel, even look at what happened at the second hearing, because you suggested to Judge Hurwitz the first hearing was all that was necessary to look at. Yes, I agree with that. So now you wanted to quote the second hearing. Well, I'm quoting the second hearing to prove that the court, that the court knew that there was a report of incompetency. A lot of the questions directed to Respondent was, you know, did the court know, did the court not know? Well, I don't think there's any dispute on this record that, that somebody told the judge at the second hearing there was a report in the file. What we're trying to get a handle on it, I take it you really don't know either, is how it got there. I take it it was just mailed in by the doctor? Yeah. I've done a lot of court trial work, and what happens is the doctor submits a report to the court, and it gets stamped and put in the file under seal. Is there any stamp on this one? That's what I couldn't find. At least what we have in our supplemental excerpts of record, or excerpts of record, I'm looking at page 13. It's a sealed document. It's just the letter. And there's a, there's something indicating that it was filed under seal in the district court, but is there anything that could tell us, that just gives us any information of how it was filed in the superior court? Well, generally it's, the only way, unless, unless one of the attorneys put it there. It would have been presumed that the clerk received it and put it in the file. That's the only way it could have been. And we, we can look at the law and decide what the appropriate presumptions are. I'm just trying to find out, as a matter of fact, whether you know more than we do. Yeah, there's, that's the only way. Somebody, somebody had to put it in the file, otherwise it would have been hard to find. Thank you very much, counsel. Thank you. The case just argued will be submitted for decision.
judges: O'scannlain, Smith, Hurwitz